# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TAMMY JO SCRIVEN )
9503 Snaffle Ct. )
Upper Marlboro, MD 20772 )
            Plaintiff, )
   v. )
 )
THE DISTRICT OF COLUMBIA )
1350 Pennsylvania Avenue, NW )
Washington, DC 20004 )
 )
            Defendant )

## COMPLAINT

Plaintiff Tammy Jo Scriven ("Plaintiff" or "Ms. Scriven") through her attorneys, Clark Law Group, PLLC, hereby alleges as follows:

## NATURE OF ACTION

1. This is a challenge to the District of Columbia's ("Defendant" or "District") unlawful retaliation against Plaintiff in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.*

## JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. On February 24, 2022, Plaintiff's counsel sent a pre-litigation letter to the Office of the Mayor of the District of Columbia detailing Plaintiff's claim, pursuant to D.C. Code §12-309.

4. The Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

5. Pursuant to 29 U.S.C § 255(a), this Court has subject matter jurisdiction over this civil action because this action is being brought within the three-year statute of limitations period set out in the Fair Labor Standards Act for willful violations.

6. Venue is appropriate because Defendant's place of business is in the District of Columbia, Plaintiff worked in the District of Columbia, and Defendant's retaliatory actions occurred in the District of Columbia.

## PARTIES

7. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8. Plaintiff is a resident of Maryland and a former employee of Defendant.

9. Defendant, the District of Columbia, is a government agency.

10. Defendant is a covered employer within the meaning of Section 203(d) of the FLSA.

## FACTS

11. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

### Ms. Scriven's Time at DHS

12. Plaintiff worked for the District of Columbia Department of Human Services ("DHS") for seven years.

13. Plaintiff worked as a Human Resources Officer at DHS from approximately November 2019 to October 8, 2021.

14. Plaintiff's position was classified under the Management Supervisory Service ("MSS") and her grade level was MS-15.

15. Plaintiff's supervising manager until around August 2021 was Sharon Kershbaum, Chief Operating Officer ("COO").

16. Plaintiff's supervising manager from around August 2021 until her termination was COO Tania Mortensen.

17. The District of Columbia Department of Human Resources ("DCHR"), which provides human resource services and payroll management for the District government, is responsible for the classifying and application of exempt/nonexempt statuses of employees under the FLSA.

18. The District of Columbia Office of the Chief Finance Officer ("OCFO") handles financial and budgetary functions for the District government and is responsible for providing payroll services.

19. During Plaintiff's time at DHS, she and other employees submitted their hours worked through an online PeopleSoft application and their supervising manager approved their time through that application.

20. Each pay period, employees received an email indicating whether their time was approved by their supervisor.

21. Plaintiff's time was approved each pay period from April 2020 to her termination.

### Issues within the Agency's System

22. On or around April 2020, Ms. Scriven identified issues within DHS's system that showed improperly recorded compensation for employees, mislabeled the FLSA status of employees, and mislabeled exempt vs. nonexempt employee designations.

23. Ms. Scriven found that nearly 200 DHS employees, including herself, were incorrectly coded as "non-exempt" or ineligible for overtime.

24. Upon identification of the issues facing DHS employees, Ms. Scriven informed Ms. Kershbaum of these issues.

25. Plaintiff worked with a subordinate manager on her team, Marlene Akas, on these issues and together they alerted DCHR and OCFO of DHS' employee designation issues.

26. DCHR stated they would make corrections within their system and employees should continue to report their time as worked as they had previously done before.

27. Plaintiff communicated with and assisted DCHR and OCFO in efforts to resolve these issues throughout her time at DHS.

28. Plaintiff worked with Wanya Young, Richard Simms, and Nichole Myers, members of DCHR's IT team, on DHS's employee designation issues.

29. DCHR's IT team informed Ms. Scriven that they would provide further guidance on what steps to follow to resolve the employee designation issues in DHS' system.

30. The COO approved recording time as worked while Ms. Scriven waited for further guidance from DCHR and OCFO.

31. While the FLSA status of impacted positions was eventually corrected, the payroll system was still not correctly calculating overtime pay for DHS employees.

32. DHS was provided with overtime reports for all employees and was fully aware of all overtime payments made to affected employees, including those made to Ms. Scriven.

33. Ms. Kershbaum left the Agency around August 2021, before these issues were resolved.

**Ms. Scriven's Termination**

34. On or around August 2021, Tania Mortensen became COO of DHS and Ms. Scriven's supervisor.

35. Ms. Mortensen asked Ms. Scriven about her reported hours but directed her to continue reporting her hours as she had previously done before.

36. On September 23, 2021, DHS proposed Ms. Scriven's termination for her alleged violation of the District's overtime policy.

37. In its Notice of Termination, DHS alleged that employees at a Grade 15 or above in the Career, Educational, Legal or Management Supervisory Service, are ineligible for overtime compensation.

38. DHS furthered alleged that Ms. Scriven knowingly reported and received overtime compensation that she was not entitled to, exhibited on-duty conduct that the employee should reasonably know is a violation of law or regulation, used her public office for significant private gain, made an incorrect entry on an official record or approved an incorrect official record, reported false or misleading material information or purposely omitted material facts, to any superior, and concealed or failed to report missing, lost or misappropriate funds, or other fiscal irregularities.

39. Defendant alleged that Ms. Scriven reported at least 551 hours of overtime and incorrectly received a minimum of $52,527.57 in overtime pay.

40. Plaintiff's termination became effective October 8, 2021.

## COUNT I: FLSA RETALIATION

41. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

42. Plaintiff engaged in statutorily protected conduct under the FLSA when she alerted the COO, DCHR, and OCFO of issues in DHS' system.

43. Plaintiff was terminated effective October 8, 2021.

44. Plaintiff was terminated because of statutorily protected conduct.

45. Defendant's stated reasons for terminating Ms. Scriven is pretext.

46. DHS and DCHR became fully aware of the employee designation issues raised by Ms. Scriven in or around April 2020.

47. Defendant was fully aware of Ms. Scriven's work to resolve the issues within DHS's system.

48. Both of Defendant's COOs directed Plaintiff to continue reporting her hours as worked and approved her hours, including overtime hours, each pay period throughout her time at DHS.

49. Plaintiff did not falsify any documents, including her employee timesheet.

50. At all times, Ms. Scriven followed the directions of management regarding the proper recording of her time.

51. Defendant willfully terminated Plaintiff for escalating these issues to get them corrected.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court award Plaintiff the following:

A. Declare that Defendant's actions violated Plaintiff's rights under the Fair Labor Standards Act to be free from retaliation;

B. Award compensatory damages and other pecuniary and non-pecuniary losses in an amount to be determined by the jury by trial in excess of $10,000;

C. Award Plaintiff full back pay and benefits;

E. Award Plaintiff reasonable attorney's fees and costs for this action;

F. Award Plaintiff pre- and post-judgment interest as may be permitted by law; and

G. Award any other relief that this Court deems appropriate.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all questions of facts raised by the Complaint.

Date:   June 4, 2022

        Respectfully submitted,

        /s/ Denise M. Clark
        Denise M. Clark, Esq. (420480)
        Clark Law Group, PLLC
        1100 Connecticut Ave, N.W., Suite 920
        Washington, D.C. 20036
        (202) 293-0015
        ssearchwell@benefitcounsel.com
        dmclark@benefitcounsel.com